1  Michael D. Braun, SBN 167416
service@braunlawgroup.com
2  BRAUN LAW GROUP, P.C.
10680 W. Pico Blvd., Suite 280
3  Los Angeles, CA 90064
Telephone: (310) 836-6000
4  Facsimile: (310) 836-6010]

5

6  Richard B. Wentz, SBN 120380
rick.wentz@gmail.com
7  Jean M. Wentz, SBN 139340
jean.wentz@gmail.com
8  THE WENTZ LAW FIRM
2955 East Hillcrest Drive, Suite 123
9  Thousand Oaks, CA 91362
Telephone: (805) 374-0060
10  Facsimile: (888) 855-8124

Andrew N. Friedman, (phv pending)
afriedman@cohenmilstein.com
Douglas J. McNamara, (phv pending)
dmcnamara@cohenmilstein.com
COHEN MILSTEIN SELLERS & TOLL
PLLC
1100 New York Ave., N.W.
Suite 500 West
Washington, D.C. 20005-3964
Telephone: (202) 408-4600
Facsimile: (202) 408-4699

11  *Counsel for Plaintiffs*

12

13

14

15

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

16  DAVID HIGGINS; ROBERT
PATTERSON, on behalf of
17  themselves and all others similarly
situated;
18
Plaintiffs,
19  vs.
20
GODADDY.COM, LLC, a Delaware
21  limited liability company, and DOES
1 through 100 inclusive;
22
Defendants.
23

CASE NO. CV12-08899 RGK (AJWx)

## CLASS ACTION COMPLAINT

1. **VIOLATION OF PENAL CODE
   § 632**

2. **VIOLATION OF PENAL CODE
   § 632.7**

## DEMAND FOR JURY TRIAL

24

25

26

27

28

1
COMPLAINT

Plaintiffs David Higgins and Robert Patterson, individually and on behalf of the proposed Class described below, by their attorneys, make the following allegations based upon information and belief, except as to allegations specifically pertaining to Plaintiffs and their counsel, which are based on personal knowledge.

## NATURE OF THE ACTION

1.     This is a class action brought by Plaintiffs David Higgins and Robert Patterson ("Plaintiffs"), on behalf of themselves and all others similarly situated, against Defendants GoDaddy.com, LLC and Does 1 through 100 ("Defendant," "Defendants," or "GoDaddy") arising out of Defendants' policy and practice of secretly recording telephone calls made to California residents without the consent of all parties to the conversation.

2.     Defendants' policy and practice of surreptitiously recording telephone calls violates California Penal Code Sections 632 ("Section 632") and 632.7 ("Section 632.7"), part of the California Invasion of Privacy Act ("CIPA"). Section 632 prohibits the recording of confidential communications made by telephone without the consent of all parties to the communication.  Section 632.7 prohibits the recording of any communication without the consent of all parties where one of the parties to the communication is using a cellular or cordless telephone.

3.     Under California law, a telephone conversation is a confidential communication that may not be recorded, regardless of the content of the conversation or the type of telephone involved, unless the recording party first informs all parties to the conversation that it will be recorded.  Telephone users have objectively reasonable expectations that their telephone conversations will not be overheard or recorded, absent a warning to the contrary.  Informing all parties to a telephone conversation of the intent to record the conversation permits a party

1  who does not wish to be recorded to hang up or, if the party decides to continue
2  participating in the recorded conversation, to modify their tone or speech to
3  account for the fact that the conversation is being recorded.

4      4.      California Penal Code Sections 632 and 632.7 are violated the
5  moment the recording is made without the consent of all parties thereto, regardless
6  of whether it is subsequently disclosed.  The only intent required by Penal Code
7  Sections 632 and 632.7 is that the act of recording itself be done intentionally.
8  There is no requisite intent on behalf of the party doing the surreptitious recording
9  to break California or any other law, or to invade the privacy rights of any other
10 person.

11     5.      A person who suffers a privacy violation under California Penal Code
12 Sections 632 or 632.7 may bring a private action to recover damages.  Cal. Penal
13 Code § 637.2.  For each such violation, the injured party is entitled to the greater of
14 the following amounts: $5,000 or three times the amount of any actual damages
15 sustained. Cal. Penal Code § 637.2(a).  The injured party need not have suffered, or
16 be threatened with, actual damages. Cal. Penal Code § 637.2(c).
17

18     6.      A plaintiff in such an action may also seek to enjoin further violations
19 of CIPA. Cal. Penal Code § 637.2(b).

20     7.      Plaintiffs bring this class action against Defendants on behalf of
21 themselves as well as on behalf of all California residents who participated in one
22 or more telephone calls with Defendants between July 13, 2006 and the present
23 (the "Class Period") and did not receive a warning on the call that the telephone
24 call was being recorded.

25     8.      Plaintiffs and the Class could not, and did not, consent to Defendants'
26 recording of their telephone conversations because Defendants did not warn them
27 that these conversations were being recorded.  Plaintiffs and the Class, like all
28 members of the public, had objectively reasonable expectations that their telephone

conversations were confidential communications that would not be overheard or recorded. Defendants thus violated the statutory rights to privacy of Plaintiffs and the Class under CIPA.

## THE PARTIES

9.      Plaintiff David Higgins is an individual who, during all relevant times, resided in San Bernardino County, State of California.

10.     Plaintiff Robert Patterson is an individual who, during all relevant times, resided in Los Angeles County, State of California.

11.     Defendant GoDaddy.com, LLC is a Delaware limited liability company with its principal place of business in Scottsdale, Arizona, and is a citizen of both Delaware and Arizona. GoDaddy is the world's largest domain name registrar and Web hosting provider.

12.     Plaintiffs are currently unaware of the true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants sued herein under the fictitious names Does 1 through 100, inclusive, and therefore, sues such Defendants by such fictitious names. Plaintiffs will amend this complaint to allege the true names and capacities of said fictitiously named Defendants when their true names and capacities have been ascertained. Plaintiffs are informed and believe and thereon allege that each of the fictitiously named Doe Defendants are legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by Plaintiffs and the Class. Each reference in this Complaint to "Defendants," "Defendant," or a specifically named Defendant, refers also to all Defendants sued under fictitious names.

13.     Plaintiffs are informed and believe and thereon allege that all Defendants, including the fictitious Doe Defendants, were at all relevant times acting as actual agents, conspirators, ostensible agents, partners and/or joint ventures and employees of all other Defendants, and that all acts alleged herein

1   occurred within the course and scope of said agency, employment, partnership,

2   joint venture, conspiracy and/or enterprise, and with the express and/or implied

3   permission, knowledge, consent, authorization and ratification of their Co-

4   Defendants.

5       14.    Plaintiffs are further informed and believe and thereon allege that

6   Defendants are alter-egos of each other. Plaintiffs are informed and believe and

7   thereon allege that there is common control over Defendants, and they operate

8   pursuant to a common business plan.  There is unity of interest among Defendants.

9       15.    The alternative alter-ego relationship among the Defendants should be

10  recognized to prevent an injustice.  If the alter-ego relationship among Defendants

11  is not recognized, an inequity will result because an entity responsible for

12  wrongdoing will be shielded from liability.  Moreover, the Co-Defendant entities

13  which make, in whole or in part, the decisions would escape liability, which is

14  inequitable.  Furthermore, the alter-ego relationship should be recognized to ensure

15  effective injunctive and declaratory relief, so that the wrongful practices alleged

16  herein are not relocated to an affiliated company.

17  

18      16.    All allegations in this Complaint are based on information and belief

19  and/or are likely to have evidentiary support after a reasonable opportunity for

20  further investigation or discovery.  Whenever allegations in this Complaint are

21  contrary or inconsistent, such allegations shall be deemed alternative.

22  **JURISDICTION AND VENUE**

23      17.    This Court has original jurisdiction over this action under the Class

24  Action 24 Fairness Act, 28 U.S.C. § 1332(d), because this is a class action in

25  which (i) the proposed class consists of more than 100 members; (ii) at least some

26  members of the proposed class are citizens of a state different from any defendant;

27  and (iii) the matter in controversy exceeds $5,000,000, exclusive of interest and

28  costs.

18.     Venue is proper in the Central District of California, Western Division, pursuant to 28 U.S.C. § 1391(b)(2) because Defendant GoDaddy does business in this district and a substantial part of the events or omissions giving rise to the claim occurred within this district, including the secret recording of telephone calls made to residents of this district.

## FACTUAL ALLEGATIONS

19.     Defendants market and service their web-based products throughout California, frequently contacting prospective and current customers by calling them from cordless and landline telephones.

20.     During the Class Period, Defendants effectuated a policy whereby they routinely record all outbound calls.  In so doing, Defendants do not disclose that such calls are being recorded or otherwise obtain permission to record the calls from the persons they contact.

21.     During 2011-2012, Plaintiff David Higgins received approximately five telephone calls from GoDaddy in which GoDaddy discussed his account, the services he had purchased, and engaged Mr. Higgins in discussions about additional services GoDaddy desired to offer him.

22.     During 2008-2012, Plaintiff Robert Patterson received in excess of five telephone calls from GoDaddy in which GoDaddy discussed his account, the services he had purchased, and engaged Mr. Patterson in discussions about additional services GoDaddy desired to offer him.

23.     Plaintiffs are informed and believe and thereon allege, that Defendants recorded each of these calls.

24.     Defendants did not request Plaintiffs' consent to record the telephone calls, nor did Defendants inform Plaintiffs that the telephone calls would be recorded at the outset of the calls.

25.     At the time of the subject telephone calls, Plaintiffs were not aware that Defendants were recording the telephone calls, nor did Plaintiffs consent to the recording of the calls.

26.     The one-year statute of limitations provided for under California Code of Civil Procedure Section 340 does not bar the Plaintiffs or the Class members from recovering damages pursuant to California Penal Code Section 637.2 for any violations that occurred one year before the filing of this Complaint, because the delayed discovery doctrine applies to toll claims brought under CIPA.  The time for bringing CIPA claims does not begin to run until a plaintiff discovers or should have discovered the injury.  Here, Plaintiffs plead that their telephone conversations with Defendants were secretly recorded by Defendants in violation of Penal Code Sections 632 and 632.7.  Plaintiffs have not yet obtained copies of the recordings from Defendants or otherwise obtained Defendants' admission to the secret recording of these telephone conversations.  As such, Plaintiffs contend that their claims are timely brought.  Likewise, the limitations period for claims of Class members does not begin to run until Defendants produce to them copies of their recorded telephone conversations or otherwise admit to them that their telephone conversations were recorded.  The very nature of Defendants' surreptitious recording precludes knowledge of these privacy violations.  Because the recording was secretive in nature, Class members did not suffer an obvious harm, where all essential facts are either known or knowable at the time the harm was caused, that would enable them to either know or suspect wrongdoing and therefore have sufficient knowledge to investigate and potentially assert claims.  In addition to the tolling afforded the Class by the delayed discovery rule, the time period is also tolled by the filing of this putative class action.

## CLASS ALLEGATIONS

27.     Plaintiffs bring this action on their own behalf and on behalf of all persons similarly situated pursuant to California Code of Civil Procedure Section 382. Plaintiffs seek to represent the following Class:

> All California residents who participated in one or more telephone calls with Defendants between July 13, 2006 and the present and did not receive a warning on the call that the telephone call was being recorded.

28.     Excluded from the Class are governmental entities, Defendants, any entity in which Defendants have a controlling interest, and Defendants' officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns.  Also excluded from the Class is any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.  Plaintiffs reserve the right to modify the Class description and the Class Period based on the results of discovery.

29.     Typicality: Plaintiffs' claims are typical of the claims of the Class. Plaintiffs are members of the Class they seek to represent.  Plaintiffs and all members of the Class have been similarly affected by Defendants' common course of conduct since every telephone call from Defendants to Class members was recorded without each Class members' consent.  Members of the Class are ascertainable from Plaintiffs' description of the Class and/or Defendants' records and/or records of third parties accessible through discovery.

30.     Adequacy of Representation:  Plaintiffs will fairly and adequately represent and protect the interests of the Class and have no interest which is antagonistic to the claims of the Class.  Plaintiffs' interest in this action is antagonistic to the interests of Defendants, and they will vigorously pursue the

claims of the Class.  Plaintiffs have retained counsel with substantial experience in handling complex and class action litigation.  Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the Class and have the financial resources to do so.  Plaintiffs have retained law firms that are recognized, successful, and effective class action firms.  Neither Plaintiffs nor their counsel have any interests adverse to those of the Class.

31.     Common questions of law and fact impact the rights of each member of the Class and a common remedy by way of permissible damages and/or injunctive relief is sought for the Class.

32.     <u>Common Questions of Law and Fact Predominate:</u>  There are many questions of law and fact common to the representative Plaintiffs and the Class, and those questions substantially predominate over any questions that may affect individual Class members.  Common questions of fact and law include, but are not limited to, the following:

    a.  Whether Defendants' recording of telephone calls violates Section 632;

    b.  Whether Defendants' recording of telephone calls violates Section 632.7;

    c.  Whether Defendants are liable for statutory damages under Section 637.2;

    d.  Whether Plaintiff and the Class are entitled to injunctive relief.

33.     <u>Superiority of a Class Action:</u>  Plaintiffs and the members of the Class suffered, and will continue to suffer, harm as a result of Defendants' unlawful and wrongful conduct.  A class action is superior to other available methods for the fair and efficient adjudication of the present controversy.  Individual joinder of all members of the Class is impracticable.  Even if individual Class members had the resources to pursue individual litigation, it would be unduly burdensome to the

courts in which the individual litigation would proceed.  Individual litigation magnifies the delay and expense to all parties in the court system of resolving the controversies engendered by Defendants' common course of conduct.  The class action device allows a single court to provide the benefits of unitary adjudication, judicial economy, and the fair and efficient handling of all class members' claims in a single forum.  The conduct of this action as a class action conserves the resources of the parties and of the judicial system and protects the rights of the Class members.  There is no plain, speedy, or adequate remedy other than by maintenance of this class action because damage to each member of the Class is relatively small, making it economically unfeasible to pursue remedies other than by way of a class action.  Furthermore, for many, if not most, a class action is the only feasible mechanism that allows an opportunity for legal redress and justice.

34.    Numerosity:  The proposed Class is so numerous that individual joinder of all its members is impracticable.  Due to the nature of the trade and commerce involved, Plaintiffs believe that the members of the Class are geographically dispersed across California.  While the exact number and identities of the Class members are unknown at this time, such information can be ascertained through appropriate investigation and discovery.  The disposition of the claims of the Class members in a single class action will provide substantial benefits to all parties and to the Court.

35.    Adjudication of individual Class members' claims with respect to the Defendants would, as a practical matter, be dispositive of the interests of other members not parties to the adjudication, and could substantially impair or impede the ability of other Class members to protect their interests.

36.    Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

COMPLAINT

The identities of the Class are known by Defendants and can be determined from Defendants' records.

37.     Defendants have acted on grounds generally applicable to the entire Class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the Class as a whole.  Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for the Defendants.

38.     Without a class action, Defendants will not compensate Class members for their invasion of their privacy and will continue a course of action which will result in further harm to Plaintiffs and the Class.

## FIRST CAUSE OF ACTION
## VIOLATION OF PENAL CODE SECTION 632
### (Against All Defendants)

39.     Plaintiffs re-allege and incorporate by reference the allegations contained in the preceding paragraphs of this Complaint, as though fully set forth herein.

40.     California Penal Code Section 632 prohibits the intentional recording of a confidential communication without the consent of all parties to the communication.  Defendants have violated Section 632 in their telephone communications with Plaintiffs and the Class.  Defendants, as a standard business practice, have intentionally recorded confidential communications with Plaintiffs and other Class members alike, without obtaining their consent.

41.     These telephone communications have all been confidential in nature within the meaning of Section 632 because Plaintiffs and the Class had an objectively reasonable expectation that their conversations were not being overheard or recorded.  The existence of a reasonable expectation of privacy is

COMPLAINT

1  supported by the fact that Defendants did not inform Plaintiffs and Class members

2  that their calls were being recorded, nor did they seek to obtain their consent to

3  record.

4      42.    Defendants intentionally recorded the telephone conversations of

5  Plaintiffs and the Class in violation of Penal Code Section 632.

6      43.    California Penal Code Section 637.2 permits a civil action for

7  violation of Section 632, authorizing an award of $5,000 for each violation as well

8  as injunctive relief.  Plaintiffs and the Class are entitled to these remedies, and to

9  attorneys' fees pursuant to California Code of Civil Procedure Section 1021.5 or

10  other applicable statutes, as this lawsuit seeks the enforcement of an important

11  right affecting the public interest, and satisfies the statutory requirements for an

12  award of attorneys' fees thereunder.

13     44.    As a direct result of Defendants' conduct, Plaintiffs and the Class

14  have sustained and will continue to sustain injury and are entitled to statutory

15  damages and injunctive relief to be determined at trial.

16

17
18
19
### SECOND CAUSE OF ACTION
### VIOLATION OF PENAL CODE SECTION 632.7
**(Against All Defendants)**

20     45.    Plaintiffs re-allege and incorporate by reference the allegations

21  contained in the preceding paragraphs of this Complaint, as though fully set forth

22  herein.

23     46.    California Penal Code Section 632.7 prohibits the intentional

24  recording of any communication without the consent of all parties where one of the

25  parties to the communication is using a cellular or cordless telephone.  Plaintiffs

26  are informed and believe, and thereon allege, that Defendants have violated

27  Section 632.7 in their telephone communications with Plaintiff and the Class and

28  that, as a standard practice, Defendants have intentionally recorded cellular and/or

12
COMPLAINT

cordless telephone communications with Plaintiffs and the Class, without obtaining their consent.

47. Defendants intentionally recorded the cellular and/or cordless telephone conversations of Plaintiffs and the Class in violation of Penal Code Section 632.7.

48. California Penal Code Section 637.2 permits a civil action for violation of Section 632.7, authorizing an award of $5,000 for each violation as well as injunctive relief. Plaintiffs and the Class are entitled to these remedies, and to attorneys' fees pursuant to California Code of Civil Procedure Section 1021.5 or other applicable statute, as this lawsuit seeks the enforcement of an important right affecting the public interest, and satisfies the statutory requirements for an award of attorneys' fees thereunder.

49. As a direct result of Defendants' conduct, Plaintiffs and the Class have sustained and will continue to sustain injury and are entitled to statutory damages and injunctive relief to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and the Class pray for judgment against Defendants as follows:

1. Certification of the Class and notice thereto to be paid by Defendants;

2. Appointment of Plaintiffs as Class Representatives and their counsel of record as Class Counsel;

3. Award of statutory damages to the extent permitted by law to Plaintiffs and each Class member in the sum of $5,000 for each incident in which a telephone conversation of Plaintiffs and each Class member was eavesdropped, recorded or published, pursuant to California Penal Code Section 637 *et seq.*;

4. For appropriate injunctive relief;

1     5.    For reasonable attorneys' fees and costs;

2     6.    For costs of suit herein; and

3     7.    As to all causes of action, any and all such other and further relief that

4  this Court may deem just and proper.

5

6    DATED: October 16, 2012     Respectfully Submitted,

7

8                           **BRAUN LAW GROUP, P.C.**

9

10

11                           Michael D. Braun

12                           10680 W. Pico Boulevard, Suite 280
Los Angeles, CA 90064

13                           Telephone: (310) 836-6000

14                           Facsimile:(310) 836-6010

15                           *Local Counsel for Plaintiff*

16

17                           Richard B. Wentz
Jean M. Wentz

18                           **THE WENTZ LAW FIRM**

19                           2955 East Hillcrest Drive, Suite 123
Thousand Oaks, CA 91362

20                           Telephone: (805) 374-0060

21                           Facsimile:  (888) 855-8124

22                           Andrew N. Friedman
Douglas J. McNamara

23                           **COHEN MILSTEIN SELLERS & TOLL PLLC**

24                           1100 New York Ave., N.W., Suite 500 West
Washington, D.C.  20005-3964

25                           Telephone: (202) 408-4600
Facsimile:  (202) 408-4699

26

27                           *Counsel for Plaintiffs*

28

1

### DEMAND FOR JURY TRIAL

2     Plaintiffs hereby demand a trial by jury of all claims and causes of action in

3   this lawsuit.

4

5   DATED: October 16, 2012          BRAUN LAW GROUP, P.C.

6

7

8                                    Michael D. Braun
                                     10680 W. Pico Boulevard, Suite 280
9                                    Los Angeles, CA 90064
10                                   Telephone: (310) 836-6000
                                     Facsimile: (310) 836-6010
11

12                                   *Local Counsel for Plaintiffs*

13

14                                   Richard B. Wentz
                                     Jean M. Wentz
15                                   THE WENTZ LAW FIRM
                                     2955 East Hillcrest Drive, Suite 123
16                                   Thousand Oaks, CA 91362
17                                   Telephone: (805) 374-0060
                                     Facsimile: (888) 855-8124
18

19                                   Andrew N. Friedman
20                                   Douglas J. McNamara
                                     **COHEN MILSTEIN SELLERS & TOLL**
21                                   **PLLC**
                                     1100 New York Ave., N.W., Suite 500 West
22                                   Washington, D.C. 20005-3964
23                                   Telephone: (202) 408-4600
                                     Facsimile: (202) 408-4699
24

25                                   *Counsel for Plaintiffs*

26

27

28

COMPLAINT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge R. Gary Klausner and the assigned discovery Magistrate Judge is Andrew J. Wistrich.

The case number on all documents filed with the Court should read as follows:

## CV12- 8899 RGK (AJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)     NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Michael D. Braun (Bar No. 167416)
BRAUN LAW GROUP, P.C.
10680 W. Pico Blvd., Suite 280
Los Angeles, CA 90064
Phone: (310) 836-6000; Fax: (310) 836-60106
E-Mail: service@braunlawgroup.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

DAVID HIGGINS; ROBERT PATTERSON, on
behalf of themselves and all others similarly situated
PLAINTIFF(S)

v.

GODADDY.COM, LLC, a Delaware limited liability
company, and DOES 1 through 100 inclusive;

DEFENDANT(S).

CASE NUMBER

**CV12-08899** R4K (AJWx)

**SUMMONS**

TO:   DEFENDANT(S): GODADDY.COM, LLC,

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney,  Michael D. Braun, Esq. , whose address is  Braun Law Group, P.C., 10680 W. Pico Blvd., Suite 280, Los Angeles, CA 90064 . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

OCT 16

Dated: _____

Clerk, U.S. District Court

By: _____
        Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                    SUMMONS